**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

RAMONE PERRY,

        Petitioner,

        v.                                    08-CR-0186-A
                                              17-CV-0274-A
UNITED STATES OF AMERICA,        **DECISION AND ORDER**

        Respondent.
_____

On April 24, 2017, the Court directed Petitioner to show cause why his § 2255 motion should not be dismissed as untimely pursuant to 28 U.S.C. § 2255(f) given that Petitioner filed his motion years after his conviction became final. *See* Docket No. 1285. Anticipating this issue, Petitioner argued in his § 2255 motion that the motion was timely filed within one year of the date on which the Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243 (2016), the case on which Petitioner's § 2255 motion is based. *See* 28 U.S.C. § 2255(f)(3).

Section 2253(f)(3) provides that a federal prisoner's § 2255 motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As the Court noted in its April 24 Order, Petitioner may not rely on § 2255(f)(3)'s belated accrual date because *Mathis* "did not set forth a new rule that has been made retroactive on collateral review." Docket No. 1285 at 4. "Indeed," the Court noted, "*Mathis* itself made clear that 'it was not announcing a new rule and that its decision was dictated by decades of prior

1

precedent.'" *Id.* (quoting *Milan v. United States*, No. 3:16-CV-1850-D-BK, 2017 WL 535599, at *2 (N.D. Tex. Jan. 18, 2017)).

Petitioner's response to the Court's April 24 Order does not persuade the Court that its initial conclusion was incorrect. Much of Petitioner's response argues that *Mathis* can be applied retroactively to cases on collateral review. But even if that is correct (an issue the Court need not, and does not, resolve), § 2255(f)(3) requires that a § 2255 motion rely on a "newly recognized" right. "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (emphasis in original). As the Second Circuit recently observed when addressing an issue almost identical to the one now before the Court, *Mathis* did not state a "new rule." Instead, the Second Circuit noted, *Taylor v. United States*, 495 U.S. 575, 602 (1990), on which *Mathis*'s holding was based, "set out the essential rule governing [Armed Career Criminal Act] cases more than a quarter century ago.'" *Washington v. United States*, --- F.3d ---, 2017 WL 2979160, at *2 (2d Cir. July 13, 2017) (quoting *Mathis*, 136 S. Ct. 2551).[1] *Mathis*, then, is not a case on which Petitioner may rely to take advantage of § 2255(f)(3)'s belated accrual date.

Finally, Petitioner argues that, if he cannot rely on § 2255(f)(3)'s belated accrual rule, then § 2255(f)(3) violates the Suspension Clause. *See* U.S. Const., art. I, § 9, cl.

---

[1] The Second Circuit's decision in *Washington* denied a motion to file a second-or-successive § 2255 motion pursuant to 28 U.S.C. § 2255(h)(2). Section 2255(h)(2) allows a federal prisoner to file a second-or-successive § 2255 motion when that motion is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The requirements of § 2255(h)(2) are, therefore, different than the requirements of § 2255(f)(3). Unlike § 2255(f)(3), § 2255(h)(2) requires that a new rule be a "rule of constitutional law," and it requires that the Supreme Court have made the rule "retroactive to cases on collateral review." Both statutes, however, require that a § 2255 motion be based on a rule or right that is, in some way, "new." The Court does not understand a "new[]" right for purposes of § 2255(f)(3) to be different than a "new" rule for purposes of § 2255(h)(2).

2.[2]  *See* Docket No. 1288 at 11-12.  The Second Circuit has been "unpersuaded" by the same constitutional challenge to the one-year limitations period imposed on habeas petitions filed by state prisoners.  *See Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 113 (2d Cir. 2000) (quoting *Rodriguez v. Artuz*, 161 F.3d 763, 764 (2d Cir. 1998) (per curiam)).  Petitioner has not demonstrated why § 2255(f)(3) is any different.  In other words, he has not shown how § 2255(f)(3) "leave[s] petitioners" who are neither legally nor factually innocent "with[out] some reasonable opportunity to have their claims heard on the merits."  *Rodridguez v. Artuz*, 990 F. Supp. 275, 282 (S.D.N.Y. 1998) (Sotomayor, J.), *aff'd*, 161 F.3d 763, 764 (summarily affirming "for substantially the reasons stated by the district court").

## CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion (Docket No. 1283) is denied.  Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith.  Thus, leave to appeal *in forma pauperis* is denied.  Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability.  Section 2255 Rule 11(b).

---

[2]  The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 17-CV-0274-A.

**SO ORDERED.**

Dated: July 20, 2017                     ___*s/Richard J. Arcara*_____
       Buffalo, New York                    HONORABLE RICHARD J. ARCARA
                                                               UNITED STATES DISTRICT JUDGE